IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| PATRICK A. WHITE, SR., <br> TDCJ-CID No. 827179, <br><br> Plaintiff, <br><br> v. <br><br> HARRIS COUNTY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:20-CV-091-Z-BR |

## MEMORANDUM OPINION AND ORDER

This is a civil-rights action brought by Patrick A. White, Sr., a Texas inmate appearing *pro se*, against state employees pursuant to 42 U.S.C. § 1983. Plaintiff is confined in the Allred Unit of TDCJ in Iowa Park, Texas. Plaintiff has not filed an application to proceed *in forma pauperis* or paid the $402.00 filing fee. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." The Court thus **DISMISSES** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### PETITIONER'S ALLEGATIONS

In support of his Complaint, Plaintiff presents the following allegations:

Plaintiff alleges various state employees have illegally confined him and his brother pursuant to bogus charges and convictions.

ECF No. 3 at 3.

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g)

precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that the plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the "three-strike" provision of Section 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387–88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

1. No. 5:00-CV-0323 (W.D. Tex. San Antonio Division) (dismissed on April 3, 2001, as frivolous — no appeal taken);
2. No. 5:10-CV-0083 (W.D. Tex. San Antonio Division) (dismissed on March 31, 2010, as frivolous and for failure to state a claim — appeal dismissed October 4, 2010); and

2

3. No. 4:10-CV-1625 (S.D. Tex. Houston Division) (dismissed on May 11, 2010, as frivolous, malicious and for failure to state a claim — no appeal taken).

Plaintiff has had *numerous* cases dismissed as barred by the three-strike provision over the last ten years. Additionally, Plaintiff did not even attempt to seek *in forma pauperis* status for this filing. Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit.

For the above reasons, the Court **DISMISSES** the this action as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

**SO ORDERED.**

November 29, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE